UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICHARD PLANTAN,

    Plaintiff,

v.

MICHAEL R. LEKAR, *et al.*,

    Defendants.

Case No. 2:05-cv-1045-LDG (GWF)

**ORDER**

    The defendants move to dismiss (#8), which motion the plaintiff opposes (#14). The plaintiff further moves to amend (#20), which motion the defendants oppose (#23).

    The plaintiff, Richard Plantan, alleges that he loaned $350,000 to Brent Hanson, who is not a defendant in this action. In August 2003, Plantan filed a Notice of Equitable Interest and Intention to Foreclose against Hanson's home, and then filed a state court lawsuit against Hanson in August 2003.

    Plantan further alleges that, in February 2004, Hanson and the defendants in this action, Michael Lekar, Fthimia Lekar, James Owens, and Cadida Trust, agreed to a scheme to lower the value of Hanson's residence by removing appliances and carpeting (under the guise of re-modeling the home). On April 14, 2004, Hanson filed for bankruptcy.

Plantan further alleges in his complaint that the bankruptcy trustee "assigned the rights of the Trustee to Richard Plantan *as those rights pertained to the Debtor Michelle and Brent Hanson's right against third parties*," as settlement of an adversary proceeding brought by Plantan against Hanson. Plantan specifically asserts, in his complaint, that this assignment gave him the same rights to pursue claims against third parties "that the Hanson's [sic] could have asserted, notwithstanding their personal bankruptcy."

Based upon these allegations, Plantan alleged six claims: (1) trespass, (2) unjust enrichment, (3) conspiracy (to engage in illegal acts), (4) undue stress and burden, (5) theft, and (6) conspiracy (to cause the house to be sold at below market value).

## Motion to Dismiss

The defendants move to dismiss the complaint, arguing that the claims are barred by res judicata, that the suit involves an impermissible splitting of the causes of action between different suits, and because the alleged assignment of rights was ineffective to permit any of the alleged claims to go forward.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts as true the material allegations of the complaint and construes them in the light most favorable to the plaintiff. *Jacobellis v. State Farm Fire & Cas. Co.*, 120 F.3d 171, 172 (9th Cir. 1997). A dismissal under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996). For a defendant to succeed, it must appear to a certainty that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Jacobellis,* 120 F.3d at 172.

In this case, the defendants note that Plantan both (a) alleged that he was assigned **Hanson's** rights (if any) to pursue litigation against these defendants for the damage caused to the Hanson house, and (b) also alleged that Hanson conspired with these

defendants to cause the damage.  The defendants argue that Hanson, as a co-conspirator with the defendants in the conduct alleged in the complaint, would be precluded from bringing any of the claims alleged in the complaint.  As such, they conclude that since Hanson could not bring any of the claims, Plantan is likewise barred from bringing any of the claims as an assignee of Hanson's rights to purse those claims.

In opposition, Plantan does not dispute whether Hanson could bring the claims alleged in the complaint against these defendants.  Instead, he argues that he was not assigned Hanson's rights to pursue the claims, but was instead assigned the rights of the bankruptcy estate against these defendants for damage to property of the bankruptcy estate.

The court finds that Plantan's arguments are contrary to the plain allegations of his complaint.  He expressly alleged that he was pursuing Hanson's rights, which rights were obtained by the bankruptcy estate and then assigned to him by the bankruptcy trustee.  As such, Plantan's allegations that Hanson agreed to damage his own home, and Plantan's allegation that he was assigned Hanson's right to pursue claims for that damage are self-defeating and require dismissal of the complaint *with prejudice.*

## Motion to Amend/Correct Complaint

Apparently recognizing the fatal defects of the complaint, Plantan moves to amend/correct that complaint.  In his proposed amended complaint, he again alleges that Hanson conspired with the defendants to damage Hanson's home.  Contrary to the original complaint, however, Plantan now alleges that the damage done to the Hanson home precluded the bankruptcy estate from getting full value from the home.  The amended complaint further alleges that the bankruptcy trustee initiated an adversary proceeding against Plantan regarding the validity of Plantan's equitable lien claim against the home, and b) as part of a settlement of that adversary proceeding, the trustee assigned Plantan

the rights of the bankruptcy estate (other than Hanson's rights of action) against Michael Lekar (or other 'defendants').

In moving to amend, Plantan argues that the proposed amended complaint merely changes or clarifies the *capacity* in which *he* is bringing this suit, and thus the amendment should be freely granted. He cites to *Bowles v. Reade*, 198 F.3d 752 (9th Cir. 1999) for the proposition that amendments which merely change the capacity of a party to a lawsuit must be granted. In that matter, the plaintiffs moved to amend the complaint to re-designate the title of the representative capacity in which the defendant was being sued. That is, the complaint originally named the defendant in her representative capacity as executrix of her deceased husband's estate. The proposed amended complaint instead named the defendant in her representative capacity as a trustee of her deceased husband's trust. The Ninth Circuit held that the district court abused its discretion in denying the motion to amend, noting that both the original and amended complaints named the defendant in her representative capacity, and did not seek to change the defendant's status "to one other than as a representative of her deceased husband." *Id.,* at 758.

Plantan's suggested amendment, however, is a motion to amend brought by a plaintiff whose complaint has been dismissed with prejudice, who seeks to name a different entity as the plaintiff to assert different claims against the defendants. Such a proposed amendment would be prejudicial to the defendants.

If this action had been brought by Hanson himself, the defendants would plainly be prejudiced if, after they had successfully moved to dismiss Hanson's complaint with prejudice, *Hanson* was permitted to amend his complaint to remove himself as the plaintiff and to instead assert that the trustee of the bankruptcy estate was the plaintiff (to *clarify* that *Hanson* had never been the plaintiff). Further, such a motion to amend could not have been brought by the trustee of the bankruptcy estate, since the trustee was never a

4

1 plaintiff. Plantan's motion, however, seeks this prejudicial result. Pursuant to the plain and
2 express language of the complaint, he brought his suit to assert the rights of Hanson (and
3 not the trustee of the bankruptcy estate). Nevertheless, the motion to amend is to
4 purportedly *clarify* that he was *not* asserting the rights of Hanson, but was instead asserting
5 the rights of the bankruptcy trustee. Having alleged that he is suing the defendants as the
6 assignee of Hanson's rights, and having alleged facts that demonstrate that he cannot
7 maintain those claims as the assignee of Hanson's rights, Plantan now moves (as the
8 assignee of Hanson's rights) to allow him to amend his complaint so that he can proceed
9 as the assignee of the bankruptcy trustee's rights. In short, having filed a complaint that
10 must be dismissed with prejudice because of the identity of the plaintiff, he asks for leave
11 to substitute a new and different plaintiff to proceed with a different suit. The court finds
12 that in these circumstances, granting Plantan's motion to amend would be unduly
13 prejudicial to the defendants and must be denied. Therefore,

14 THE COURT **ORDERS** that Defendants' Motion to Dismiss (#8) is GRANTED with
15 prejudice;

16 THE COURT FURTHER **ORDERS** that Plaintiff's Motion to Amend/Clarify (#20) is
17 DENIED.

18 DATED this 25 day of January, 2007.

_____
Lloyd D. George
United States District Judge

5